United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO CANAS RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-01158 |
| | § | |
| SECRETARY OF DHS, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |
| | § | |

**ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Petitioner Jose Antonio Canas Rodriguez's petition for writ of habeas corpus. (D.E. 1). In response, the Government moves for summary judgment. (D.E. 10). Because the Court finds Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that his ongoing detention does not violate his limited due process rights, the Court **GRANTS** the Government's motion for summary judgment, (D.E. 10), and **DENIES** Petitioner's petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

**I. Background**

Petitioner, a citizen of Venezuela, entered the United States on September 24, 2025. (D.E. 10-1, p. 1–4). Immigration officials subsequently apprehended Petitioner and issued him a Notice to Appear, placing him in removal proceedings. *Id.*; (D.E. 10-2, p. 1). Petitioner was later ordered removed to Venezuela. (D.E. 10-3, p. 1–2). Petitioner's removal order is not yet final because he filed an appeal to the Board of Immigration Appeals, which remains pending. (D.E. 1-1, p. 1–2); (D.E. 10-4, p. 1–2). Petitioner is currently in immigration custody as an applicant for admission to the United States. *See generally* (D.E. 1); (D.E. 10).

Petitioner asserts that his detention without a bond hearing under 8 U.S.C. § 1225(b) violates his Fifth Amendment due process rights. (D.E. 1, p. 6–7). In response, the Government moves for summary judgment. (D.E. 10). It contends that no bond hearing is required because Petitioner is an "applicant for admission" under § 1225(b), which requires mandatory detention during removal proceedings. *Id.* at 3–7.

## II. Law & Analysis

### A. Habeas Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Under 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including those in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). "A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *2 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (citations omitted) (citation modified). "If a district court entertains a *habeas* petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citations omitted); *see also* 28 U.S.C. § 2243.

### B. Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Rule 56 states: "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute of material

fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**C. Section 1225**

The Fifth Circuit in *Buenrostro-Mendez v. Bondi* recently held that aliens who are present in the United States without previously being admitted by immigration authorities—commonly referred to as "applicants for admission"—must be detained under the Immigration and Nationality Act. 166 F.4th 494 (5th Cir. 2026).

8 U.S.C. § 1225 governs the inspection, detention, and removal of aliens seeking admission into the United States. Section 1225(a)(1) states

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

8 U.S.C. § 1225(a)(1).

In § 1225(b)(2)(A), Congress expressly provided for the detention of applicants for admission:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). To the extent Petitioner contends he is not subject to mandatory detention on statutory grounds, the Court finds that argument is foreclosed by 8 U.S.C. § 1225(b) and the Fifth Circuit's *Buenrostro-Mendez* decision.

**D. *Rodriguez* Stay Order**

The Fifth Circuit's recent stay order in *Sosnava Rodriguez v. Ortega* does not alter the Court's analysis. With reference to limitations imposed by the Fifth Amendment's Due Process Clause, in *Sosnava Rodriguez v. Ortega*, a Fifth Circuit panel held "that the Fifth Amendment

protects resident aliens from unreasoned, indefinite detention," concluding "that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer for a bond hearing." *Sosnava Rodriguez v. Ortega*, 180 F.4th 702, 725, 727–28 (5th Cir. 2026), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026) (per curiam). That panel upheld the district courts' grants of habeas relief and explained that it saw "no reason to have any [aliens in pending removal proceedings] detained again to serve additional time prior to a removal order." *Id.* at 728. The full Fifth Circuit subsequently granted rehearing en banc, vacated the panel opinion, and granted the Government's motion to stay the district court judgments pending rehearing. *Sosnava Rodriguez*, 181 F.4th at 609. As such, the *Rodriguez* decision is presently "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

**E. Due Process**

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. This guarantee applies to every person, regardless of their immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Due process encompasses both procedural and substantive rights. Procedural due process is designed to ensure fairness in government decisions "[b]y requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property.'" *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *Id.*

Petitioner contends his ongoing detention violates his Fifth Amendment due process rights. (D.E. 1, p. 6–7). The Court addresses both substantive and procedural due process below.

*i. Substantive*

Petitioner's detention without a bond hearing does not violate substantive due process. Substantive due process encompasses only "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). Although aliens present in the United States do possess some due process rights, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long upheld the constitutionality of executive immigration policies and procedures. This includes "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Dep't of State v. Muñoz*, 602 U.S. 899, 911–12 (2024). Because of that, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976).

This authority extends to immigration detention. In *Demore v. Kim*, the Supreme Court acknowledged "that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The Court clarified that "detention during deportation proceedings" is a "constitutionally valid aspect of the deportation process." *Id.* "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. Thus, it logically follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526.

To the extent Petitioner relies on *Zadvydas*, the Court finds it inapplicable in this context. In *Zadvydas*, the Supreme Court distinguished between post-removal detention versus detention pending a determination of removability. 533 U.S. at 697. The Court held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 699.

The decision, by its terms, only applies to post-removal detention. *See id.* The decision "has no direct application to aliens detained and being given due process during [ongoing] removal proceedings." *Buenrostro-Mendez*, 166 F.4th at 508. "[T]he constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude." *Garcia Hernandez v. Anda-Ybarra*, No. 26-CV-318, 2026 WL 560337, at *2 (W.D. Tex. Feb. 13, 2026) (Cardone, J.) (citing *Zadvydas*, 533 U.S. at 697).

Because Petitioner's detention is a "constitutionally valid aspect of the deportation process," *Demore*, 538 U.S. at 306, the Court finds his ongoing detention without a bond hearing does not violate his substantive due process rights. *See Diaz Patino v. Villegas*, No. 1:25-CV-276, 2026 WL673166, at *3 (N.D. Tex. Mar. 9, 2026) (Hendrix, J.); *Garcia De La Cruz v. Bondi*, Civ. No. H-25-5577, 2026 WL 309939, at *2 (S.D. Tex. Feb. 5, 2026) (Lake, J.).

*ii. Procedural*

Petitioner's detention without a bond hearing also does not violate procedural due process. At the outset, the Court declines to apply the *Mathews v. Eldridge*, 424 U.S. 319 (1976), test in this context. The "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

In *Landon v. Plascencia*, the Supreme Court explained that the *Mathews* balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." 459 U.S. 21, 32–34 (1982). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," warranting a level of due process more akin to that of a citizen. *Id.* at 32. In the latter category, aliens are not entitled to a heightened level of

due process protection. *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."). "[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139; *see* 8 U.S.C. § 1182(d)(5)(A). As such, applying *Mathews* is unwarranted here.

Because Petitioner is an "applicant for admission," and has not yet "gain[ed] admission to our country," he is entitled to only the "limited form of process" Congress has provided by statute. *Ladak v. Noem*, 814 F. Supp. 3d 712, 726 (N.D. Tex. Dec. 30, 2025) (Hendrix, J.); *Thuraissigiam*, 591 U.S. at 140. Under § 1225, Congress articulated the procedural rights afforded to aliens who are present in the United States without admission. Section 1225(b) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). This statute does not "say[] anything whatsoever about [requiring] bond hearings." *Id.* Petitioner "only has those rights regarding admission that Congress has provided by statute[,]" which does not include a bond hearing. *Cai v. Warden, Montgomery Processing Ctr.*, Civ. No. H-26-2764, 2026 WL 1625313, at *1 (S.D. Tex. June 5, 2026) (Lake, J.). Because Petitioner is not statutorily entitled to a bond hearing, his ongoing detention without one does not violate procedural due process.

## III. Conclusion

Petitioner is an "applicant for admission" and remains properly detained without bond under § 1225(b). Accordingly, the Court **DENIES** Petitioner's writ of habeas corpus, (D.E. 1), and **GRANTS** the Government's motion for summary judgment. (D.E. 10).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 7th, 2026